UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
SPEEDFIT LLC and AUREL A. ASTILEAN,

                   Plaintiffs,

        - against -

CHAPCO INC., ROBERT WEINSTEIN,
BRIAN WEINSTEIN, and SAMSARA
FITNESS LLC,

                   Defendants.
------------------------------------------------------x

**MEMORANDUM & ORDER**
2:15-CV-1323 (PKC) (RLM)

PAMELA K. CHEN, United States District Judge:

On March 13, 2015, Plaintiffs Speedfit LLC and Aurel A. Astilean commenced this action against Defendants Chapco Inc., Robert Weinstein, Brian Weinstein, and Samsara Fitness LLC, advancing claims of patent infringement and breach of contract. On September 26, 2019, this Court issued a Memorandum & Order granting in part and denying in part Defendants' motion for summary judgment and ordering Plaintiffs to show cause why the Court should not *sua sponte* dismiss Robert Weinstein and Brian Weinstein (the "Individual Defendants"). (Sep. 26, 2019 Memorandum & Order ("September Order"), Dkt. 62.) Before the Court are (1) the Court's *sua sponte* dismissal of the Individual Defendants and (2) the cross-motions of Plaintiffs and Defendant Samsara for reconsideration of the Court's September Order. (Dkts. 65, 67.) For the reasons stated below, the Court dismisses the Individual Defendants and denies both motions for reconsideration.

# DISCUSSION[1]

I.    **The Court's *Sua Sponte* Dismissal of the Individual Defendants**

The Court ordered Plaintiffs to show cause why the patent infringement claim against the Individual Defendants should not be dismissed.[2] (September Order, Dkt. 62, at 7–8.) However, in response, Plaintiffs have failed to point to any facts that would justify piercing the corporate veil so as to support a finding of personal liability against the Individual Defendants for the alleged patent infringement by Defendant Samsara. *See Worldtech Sys., Inc. v. Integrated Networks Sols.*, 609 F.3d 1308, 1314 (Fed. Cir. 2010) (("[P]ersonal liability [for patent infringement] requires sufficient evidence to justify the piercing of the corporate veil." (internal quotation marks, citation, and alteration omitted)). In fact, in their response, Plaintiffs do not address the dismissal of the patent infringement claim at all and only make conclusory assertions that the corporate veil should be pierced for the breach of contract claim without citing to any supporting evidence in the record. (*See* Plaintiffs' letter, Dkt. 67, at 3–4.) Therefore, for the reasons set forth here and in the

---

[1] The Court presumes the parties' familiarity with the factual allegations and procedural history of this case, which are set forth in detail in the September Order. (September Order, Dkt. 62.) The Court also adopts and incorporates herein the abbreviations and definitions used in the September Order.

[2] The Court also ordered Plaintiffs to show cause why the breach of contract claim against the Individual Defendants should not be dismissed. (September Order, Dkt. 62, at 9–11.) The Court corrects this error, as this claim had already been dismissed at the pleadings stage in a report and recommendation by the Honorable Steven Locke, which was adopted by the then-presiding district judge, the Honorable Joan M. Azrack. *See Speedfit LLC v. Chapco Inc.*, No. 15-CV-1323 (JMA) (SIL), 2016 WL 5793738, at *6 (E.D.N.Y. June 29, 2016), *report and recommendation adopted*, No. 15-CV-1323 (JMA) (SIL), 2016 WL 5678812 (E.D.N.Y. Sept. 30, 2016). The breach of contract claim against Defendant Samsara was also dismissed at that time. *Id.* The Court does not address Plaintiffs' current argument that the breach of contract claims against the Individual Defendants and Defendant Samsara should be revived; that argument is nothing more than an extremely untimely motion for reconsideration. Furthermore, to the extent this Court erroneously considered these dismissed breach of contract claims in the September Order, the Court now rescinds that portion of the September Order. (September Order, Dkt. 62, at 9–10 (Section I.B); *id.* at 11–17 (Section II).)

September Order, the Court dismisses the patent infringement claim as against the Individual Defendants.

## II. The Parties' Cross-Motions for Reconsideration

### A. Legal Standard

A motion for reconsideration pursuant to Local Civil Rule 6.3 "is the proper vehicle for bringing to the Court's attention matters it may have overlooked in its initial ruling or order." *Pall Corp. v. 3M Purification, Inc.*, Nos. 97-CV-7599 (PKC), 03-CV-92 (PKC), 2015 WL 5009254, at *1 (E.D.N.Y. Aug. 20, 2015). Reconsideration is an extraordinary remedy that will not be granted simply because a party is dissatisfied with the Court's previous decision. *See Salveson v. JP Morgan Chase & Co.*, 166 F. Supp. 3d 242, 249 (E.D.N.Y. 2016). Accordingly, a motion for reconsideration "is not a vehicle for re[-]litigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). Rather, in order to prevail on a motion for reconsideration, "the moving party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion," *Lichtenberg v. Besicorp Grp. Inc.*, 28 F. App'x 73, 75 (2d Cir. 2002) (summary order) (citations and internal quotation marks omitted), and that those matters "might reasonably be expected to alter the conclusion reached by the [C]ourt," *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "[A]rguments raised for the first time on reconsideration are not proper grounds for reconsideration." *Pall Corp.*, 2015 WL 5009254, at *1.

### B. Plaintiffs' Motion for Reconsideration

#### 1. Failure to Preserve Doctrine of Equivalents Theory of Infringement

Plaintiffs move for reconsideration of the September Order's finding that Plaintiffs failed to preserve any infringement theory under the doctrine of equivalents against Defendant Samsara. (Plaintiffs' letter, Dkt. 67, at 5–9.) Though admitting that they failed to include a theory of infringement under the doctrine of equivalents in their Infringement Contentions (*id.* at 5), Plaintiffs argue that they did not intend to waive any theory under the doctrine of equivalents and that Local Patent Rule 6 does not require the Infringement Contentions to specify a theory under the doctrine of equivalents (*id.*).

Plaintiffs fail to demonstrate that the Court overlooked any controlling case law or factual matters, but rather attempt to relitigate the issue of waiver. In this case, which has been ongoing for almost five years, Plaintiffs have not once put forth a theory under the doctrine of equivalents. Therefore, the Court maintains its ruling that Plaintiffs failed to preserve any infringement claim under the doctrine of equivalents and denies Plaintiffs' motion for reconsideration. *See Intellectual Ventures II LLC v. JP Morgan Chase & Co.*, No. 13-CV-3777 (AKH), 2016 WL 3963107, at *3 n.2 (S.D.N.Y. July 21, 2016) (finding that plaintiff "waived any contentions under the doctrine of equivalents" when plaintiff did not assert such theory in its infringement contentions); *Droplets, Inc. v. E*TRADE Fin. Corp.*, No. 12-CV-2326 (CM), 2015 WL 1062670, at *3 (S.D.N.Y. Mar. 9, 2015) (finding that plaintiff cannot proceed with a theory under the doctrine of equivalents when it did not assert such theory in the infringement contentions); *Realtime Data, LLC v. Morgan Stanley*, No. 11-CV-6696 (KBF), 2012 WL 3158196, at *3 (S.D.N.Y. Aug. 2, 2012) (holding that plaintiff "failed to preserve infringement claims under the doctrine of equivalents" where the initial infringement contentions contained only a placeholder for the theory and the supplemental

4

infringement contentions did not mention the theory at all), *aff'd*, 554 F. App'x 923 (Fed. Cir. 2014).

### 2. Breach of Contract Damages

Plaintiffs devote one sentence in their reconsideration motion to the Court's prior ruling limiting damages for breach of contract to $1. (Plaintiffs' letter, Dkt. 67, at 4; *see also* September Order, Dkt. 62, at 35–38.) Plaintiffs provide no support for this aspect of their reconsideration request. Therefore, the Court denies Plaintiffs' motion for reconsideration on this issue.

## C. **Defendant Samsara's Motion for Reconsideration**

### 1. The Court's Correction of the Patent

Defendant Samsara first argues that the Court's correction of the Patent was unnecessary (*see* September Order, Dkt. 62, at 22–26), because the correction had been made already by the Patent and Trademark Office (the "PTO") on October 2, 2018, almost four years after the alleged infringement. (Defendant Samsara's Motion for Reconsideration ("Def.'s Br."), Dkt. 65, at 1, 5–6.) This is not an argument that the Court previously overlooked. Although in litigating the summary judgment motion, neither party notified the Court that the PTO had issued a correction in October 2018, the Court was aware that Plaintiffs had sought this correction in September 2018. (September Order, Dkt. 62, at 20 n.16.) As the Court stated in the September Order, "this fact[, *i.e.*, Plaintiffs' application for a Certificate of Correction with the PTO on September 7, 2018,] is immaterial, as any certificate of correction would only have prospective effect." (*Id.*) It does not resolve the issue of whether Defendant Samsara infringed Plaintiffs' patent prior to the PTO's correction. For causes of action arising before the certificate of correction becomes effective, the Court must analyze the Patent without the benefit of the certificate of correction. *See Lamoureux v. AnazaoHealth Corp.*, 669 F. Supp. 2d 227, 236 (D. Conn. 2009), *amended on reconsideration*,

No. 03-CV-1382 (WIG), 2010 WL 341340 (D. Conn. Jan. 22, 2010) (engaging in claim construction where acts of infringement took place both before and after the certificate of correction issued); *see also Novo Indus., L.P. v. Micro Molds Corp.*, 350 F.3d 1348, 1355–56 (Fed. Cir. 2003) (noting that district courts have the authority to correct patents by construction despite the fact that Congress gave the PTO the power to correct patents).

Defendant Samsara next argues that, in correcting the Patent, the Court improperly focused on the Accused Product, as evidenced by the September Order's inclusion of an image of the Accused Product instead of the Patented Invention. (Def.'s Br., Dkt. 65, at 3 n.2.) While Defendant Samsara is correct that the September Order erroneously contained a picture of the Accused Product as an "image of the patented invention" (September Order, Dkt. 62, at 22), this error did not affect the Court's determination that the specification shows that the slats on the patented invention are not oriented perpendicular to an axis of rotation, but are "oriented *parallel* to the axis of rotation" (*id.* at 26 (emphasis in original)). Indeed, this determination is supported by the correct image of the Patented Invention as shown below:



(Patent, Dkt. 57-4, at ECF[3] 4.)

Lastly, Defendant Samsara argues that the Court could not have undertaken claim construction of the Patent without its prosecution history, and thus implies that the Court's correction of the Patent, in the absence of the prosecution history, was erroneous. Yet, Samsara cites no controlling authority that the Court overlooked. (Def.'s Br., Dkt. 65, at 5–6.) In fact, the case law in this Circuit supports the principle that where an error in a patent is apparent from its face, the Court need not resort to a review of the patent's prosecution history. *See 523 IP LLC v. CureMD.Com*, 48 F. Supp. 3d 600, 612 (S.D.N.Y. 2014) ("In construing a patent claim, a court should look first to the intrinsic evidence of record, i.e., the patent itself, including the claims, the specification and, *if in evidence*, the prosecution history." (emphasis added) (internal quotation

---

[3] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

marks and citation omitted)); *see also Grp. One, Ltd. v. Hallmark Cards, Inc.*, 407 F.3d 1297, 1303 (Fed. Cir. 2005) ("[T]he district court can correct an error only if the error is evident from the face of the patent.").

Therefore, the Court denies Defendant Samsara's motion for reconsideration on the issue of correction.

2. Meaning of "Attached"

In the September Order, the Court construed the word "attached" as not requiring the slats of the Patented Invention to be directly connected, as urged by Defendants on summary judgment. (September Order, Dkt. 62, at 27–31.) Defendant Samsara now seeks clarification as to whether the Court required a certain degree of connection or whether the Court is applying the plain and ordinary meaning of the term. (Def.'s Br., Dkt. 65, at 9–10.) In the September Order, the Court clearly rejected Defendants' construction of the term and construed the term to encompass both direct and indirect connection. (September Order, Dkt. 62, at 29–31.) The Court did not impose any degree of connection, because it could not be extrapolated from the patent claim or the specification as a matter of law. (*Id.* at 31.)

3. Patent Infringement Damages

In the September Order, the Court found that Plaintiffs did not provide notice of the Patent or actual infringement until the commencement of this action on March 13, 2015 and that Plaintiffs' damages for patent infringement are limited to those arising after March 13, 2015. (September Order, Dkt. 62, at 34–35.) Defendant Samsara now argues that the Court incorrectly applied the PTO correction retroactively and damages should only accrue on or after October 2, 2018, the date of the PTO correction. (Def.'s Br., Dkt. 65, at 6–9.) Defendant Samsara did not raise this argument on summary judgment; in fact, Defendants specifically argued that damages

8

should be limited to those arising after March 13, 2015. (Defendants' Motion for Summary Judgment, Dkt. 57-1, at 17–18.) Additionally, the Court did not rely on the PTO correction in determining the damages accrual date, but found that the error in the Patent was evident on its face and should be corrected retroactively. *See Grp. One*, 407 F.3d at 1303 (noting that corrections made by courts have retroactive effect). The Court found the error was such that the Court "may disregard the error, and construe the patent claim in accord with the way a reasonable competitor or persons skilled in the art would understand the claim." *Lottotron, Inc. v. Sci. Games Corp.*, No. 03-CV-920 (HB), 2003 WL 22075683, at *8 (S.D.N.Y. Sept. 8, 2003) (citations omitted). Defendant Samsara, as one skilled in the art, should have had notice of such an obvious error when Plaintiffs brought this action for patent infringement. *See SIMO Holdings Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*, 376 F. Supp. 3d 369, 389 (S.D.N.Y. 2019) ("It is irrelevant whether the defendant knew of the patent or knew of his own infringement. The correct approach to determining notice under section 287 must focus on the action of the patentee, not the knowledge or understanding of the infringer." (alteration omitted) (quoting *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994))). Therefore, the Court denies Defendant Samsara's motion for reconsideration on the issue of when patent infringement damages began to accrue.

## CONCLUSION

For the reasons set forth above, the Court denies both Plaintiffs' and Defendant Samsara's motions for reconsideration, but makes the aforementioned corrections to the September Order. The Court also dismisses all claims against Defendants Robert Weinstein and Brian Weinstein for failure to state a claim.

SO ORDERED.

/s/ *Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: February 14, 2020
      Brooklyn, New York